■ In the Matter of MICHAEL E. J. et al. JAMES W. K. et al., Respondents; ENRIQUE T. J., Appellant. — In adoption proceedings, the natural father appeals from an order of the Family Court, Nassau County (Dempsey, J.), dated February 27, 1981, which granted the petition of the mother and her second husband "to the extent that the consent of the natural father * * * is not required due to his abandonment of the children". Order affirmed, without costs or disbursements. Appellant, the natural father, married petitioner Jane K. on February 22, 1969. Two children were born of the marriage, which ended in divorce in August, 1976. The divorce decree awarded custody of the children to the petitioner mother and provided liberal visitation rights for the appellant. It also provided for weekly payments of child support in the amount of $70, allocated at $35 for each child. A separation agreement, dated February 12, 1976, which survived the divorce decree, provided for the sale of the marital premises and for an equal division of the net proceeds of the sale after payment of various expenses. At or about the time of closing, appellant relinquished his share of the proceeds, approximately $6,420, to petitioner for child support and left the United States to reside in his homeland, the Republic of the Philippines. On January 30, 1977 the mother married petitioner James K. and since then they have been living together with the two children as a family unit. The adoption proceedings were commenced by petitions filed on November 25, 1980. Appellant last visited the children in June of 1976. Appellant contends that he was unable to visit because his application for a visa was denied in September of 1977, and again in May of 1978, and the cost of air fare was prohibitive. The Trial Judge did not credit appellant's claim of an inability to obtain a visa to visit the children since it was without any corroboration from official sources. Even if this court were to credit appellant's testimony, the evidence in the record would be legally sufficient to support a finding of abandonment. Appellant's last attempt to visit the children was more than two years prior to the commencement of these proceedings. The fact that the cost of air fare may have been prohibitive does not excuse appellant's infrequent and insubstantial communications with the children. The credible evidence discloses that during 1978, there were no telephone calls from appellant and only two written communications; during 1979 there were no calls and no written communications; and during 1980 there was only one birthday card, and a telephone call informing the petitioner mother that he would not consent to the adoption of the children. Appellant maintains that his relinquishment of his share of the net proceeds from the sale of the marital residence for the support of the children in December, 1976 is a substantial communication under section 111 (subd 6, par [d]) of the Domestic Relations

Law, which provides: "Payment by a parent toward the support of the child of a fair and reasonable sum, according to the parent's means, shall be deemed a substantial communication by such parent with the child or person having legal custody of the child." We disagree. Pursuant to the divorce decree, $70 per week was determined to be a reasonable amount, in accordance with appellant's means, for the support of the children. The amount relinquished would have been dissipated within two years after the divorce decree. Appellant has not paid any support pursuant to the divorce decree since this lump-sum payment in December, 1976. Accordingly, for more than two years prior to the commencement of these proceedings, appellant has failed to furnish support for his two children. Appellant asserts that when the support payments of $280 a month are measured against his gross income of $400 a month, the difficulty of discharging the obligation is apparent and is not of such gravity as to constitute abandonment. We are cognizant that the failure to furnish support is not determinative where it properly may be explained. (See *Matter of Susan W. v Talbot G.*, 34 NY2d 76, 80; *Matter of Bistany*, 239 NY 19, 20.) Nevertheless, it remains a significant factor supporting the Family Court's determination. We note the check dated January 1, 1981, in the amount of $100 for child support from appellant, was correctly accorded no probative value by the Trial Judge since delivery was made on the eve of litigation. Furthermore, the visits and gifts from members of appellant's family cannot substitute for those of the father. Although appellant's conduct may have given rise to a "flicker of interest", infrequent and insubstantial visits and communications no longer preclude a finding of abandonment. (Domestic Relations Law, § 111, subd 6, par [a]; see *Matter of Corey L v Martin L*, 45 NY2d 383.) Accordingly, we concur with the finding of the Trial Judge, that appellant abandoned his children within the meaning of section 111 of the Domestic Relations Law. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.