■ In the Matter of JASON BRIAN S., Also Known as JASON TAYLOR S. LEAKE & WATTS SERVICES, INC., Respondent; JOHN S., Appellant. (Proceeding No. 1.) In the Matter of CHRISTOPHER ROBERT T. LEAKE & WATTS SERVICES, INC., Respondent; JOHN S., Appellant. (Proceeding No. 2.) In the Matter of JOHN S., Appellant, v PATRICIA T. et al., Respondents. (Proceeding No. 3.) In the Matter of JOHN S., Appellant, v PATRICIA T. et al., Respondents. (Proceeding No. 4.) In the Matter of JOHN S., Appellant, v ACS-QUEENS, Respondent. (Proceeding No. 5.) In the Matter of JOHN S., Appellant, v ACS-QUEENS, Respondent. (Proceeding No. 6.) [758 NYS2d 96] —In six related proceedings, inter alia, pursuant to Social Services Law § 384-b, to terminate the parental rights of the father of the subject children, and pursuant to Family Court Act article 6, for visitation with and custody of the children, the father appeals (1) from an order of the Family Court, Queens County (Salinitro, J.), dated August 20, 2001, which, after a hearing, determined that his consent was not necessary for the adoption of the children, (2) from two orders of the same court, both dated November 21, 2001, which dismissed his petitions for visitation without prejudice, (3), as limited by his brief, from so much of an order of the same court,

also dated November 21, 2001, as denied his request for an immediate best interests hearing and determined that such hearing would be held during the course of the adoption proceeding, and (4) from an order of the same court, dated January 25, 2002, which dismissed his petitions for custody.

Ordered that so much of the order dated November 21, 2001, as denied the father's request for an immediate best interests hearing and determined that such hearing would be held during the course of the adoption proceeding, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the orders dated August 20, 2001, and January 25, 2002, and the remaining orders dated November 21, 2001, are affirmed, without costs or disbursements.

The children who are the subject of this proceeding, Jason Brian S. and Christopher Robert T., were born out of wedlock. However, their father and mother lived together for the first four years of Jason's life. In January 1997, seven months before their second son Christopher was born, the couple separated. From the time of the separation until April 1998, when the father was informed about the proposed adoption, the father had no contact with the children.

The father contends that the Family Court erred in determining that his consent to the adoption of his two sons was not required. We disagree. The father's consent to the adoption is necessary only if he "maintained substantial and continuous or repeated contact with the child[ren]" (Domestic Relations Law § 111 [1] [d]). Such contact is "manifested by payment of fair and reasonable support, together with regular visitations or communications with his child[ren]" (*Matter of James Q.,* 240 AD2d 841, 842 [1997]).

Here, the father did not maintain "substantial and continuous or repeated contact" with the children within the meaning of Domestic Relations Law § 111 (1) (d). Once the father and mother separated, he never paid any child support. He explained his failure to contribute financial support to his children by claiming that he was never ordered to do so by the court. However, the father never sought the aid of the Family Court and instead chose not to pay any amount. The father further contends that he was prevented from maintaining any contact with the children due to an order of protection. However, the order of protection indicated that he could visit with the children if he obtained a court order, but he never sought the permission of the court to arrange any type of contact (*see Matter of Jay Scott P.,* 244 AD2d 906 [1997]).

Finally, the father claims that the mother interfered with his visiting the children by fraudulently concealing their whereabouts. However, he still had the obligation to take basic steps to locate the children, which in this case, could have required him to seek the aid of the Family Court (*see Matter of Baby Girl W.D.*, 251 AD2d 501, 502 [1998]).

With respect to visitation and custody, we agree with the Family Court that those issues can be addressed at the adoption proceeding where the best interests of the children will be determined.

The father's remaining contentions are without merit. S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.