■ In the Matter of JONATHAN LOGAN P., an Infant. STEVEN R., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. [765 NYS2d 506] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about September 4, 2001, which, in a proceeding to terminate the parental rights of the subject child's mother, insofar as appealed from, determined after a hearing that respondent father's consent to adoption is not required, unanimously affirmed, without costs.

As the father of a child born out-of-wedlock, respondent's consent to the child's adoption is not required absent a showing that he provided financial support according to his means, and either visited the child at least monthly or, if visitation was not possible, communicated regularly with the child or the child's custodians (Domestic Relations Law § 111 [1] [d]; *see Matter of Sierra*, 289 AD2d 1076 [2001]). Respondent made no such showing. His incarceration for most of the child's life does not excuse the failure to establish communication (*see Matter of Kianna C.*, 292 AD2d 380 [2002]), and neither the few inquiries he made concerning the child's whereabouts, nor the successful filiation proceeding he brought shortly before the commencement of the instant proceeding, satisfy the standard of contact required by the statute (*cf. Matter of Raquel Marie X.*, 76 NY2d 387, 402 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]). Nor is there merit to respondent's claim that the statute is unconstitutional in imposing support and visitation requirements on unwed fathers but not unwed mothers. "[T]he mere existence of a biological link does not merit equivalent constitutional protection" (*Lehr v Robertson*, 463 US 248, 261 [1983]). We have considered and rejected respondent's other arguments. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.