■ In the Matter of CHRISTOPHER O. MARIE O. et al., Respondents; JOHN G. S., Appellant. (Proceeding No. 1.) In the Matter of JASON O. MARIE O. et al., Respondents; JOHN G. S., Appellant. (Proceeding No. 2.) [836 NYS2d 413]—In two related adoption proceedings pursuant to Domestic Relations Law article 7, the biological father appeals from an order of the Family Court, Queens County (Salinitro, J.), dated January 12, 2006, which, after a hearing, granted the petitions of the foster parents to adopt the subject children.

Ordered that the order is affirmed, without costs or disbursements.

The father previously appealed from: (1) an order of the Family Court, Queens County, dated August 20, 2001, which determined that his consent was not necessary for the adoption of the children; (2) two orders of the same court, both dated November 21, 2001, which denied his petitions for visitation without prejudice; (3) so much of an order of the same court also dated November 21, 2001, as denied his request for an immediate best interests hearing and determined that such hearing would be held during the course of the adoption proceeding; and (4) from an order of the same court dated January 25, 2002, which dismissed his petitions for custody. This Court affirmed those orders insofar as appealed from upon determining, inter alia, that "the father did not maintain 'substantial and continuous or repeated contact' with the children within the meaning of Domestic Relations Law § 111 (1) (d)" and that the issue of the children's best interests would be determined at the adoption proceeding (*Matter of Jason Brian S.,* 303 AD2d 759 [2003], quoting Domestic Relations Law § 111 [1] [d]). Thus, to the extent those issues were raised by the father on this appeal, they are not properly before us as they were raised and determined against him on the prior appeals (*see Hothan v Metropolitan Suburban Bus Auth.,* 14 AD3d 593 [2005]; *cf. Matter of Autumn,* 32 AD3d 851 [2006]).

This Court is therefore constrained to review only the Family Court's determination that the adoption of the children by the foster parents is in their best interests. Based upon our review of the record, we agree with the Family Court's determination (*see* Domestic Relations Law § 114). Accordingly, the Family Court properly granted the foster parents' petition to adopt the children. Skelos, Covello and Dickerson, JJ., concur.

Crane, J.P. (concuring): I agree with my colleagues that, on this appeal, we are limited to the issue of the children's best interests, and without reservation, I agree that, at this point, those best interests are served by their adoption (*see* Domestic Relations Law § 111-a [3]; *Matter of Jason Brian S.,* 303 AD2d 759 [2003]). Nevertheless, I am appalled by the result here. The biological father's sustained efforts to maintain and develop a relationship with his two sons were thwarted at every turn and for so prolonged a period that the two boys fully bonded with the foster parents. As a direct result of the frustration of the biological father's sustained efforts to establish contact with his two sons, it is impossible at this juncture to reward his efforts and give him a measure of justice without severely damaging the children.