■ In the Matter of PEDRO JASON WILLIAM M. and Others, Infants. PEDRO M., Appellant; EPISCOPAL SOCIAL SERVICES et al., Respondents. [847 NYS2d 17]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered November 17, 2005, which, after a hearing, determined that respondent was not a person whose consent to his children's adoption was required, unanimously affirmed, without costs.

Respondent's claim that Domestic Relations Law § 111 (1) (d) is unconstitutional in imposing support and visitation obligations on unwed fathers but not on unwed mothers is without merit (*see Matter of Jonathan Logan P.*, 309 AD2d 576 [2003]). Also without merit is his argument that, in analyzing his constitutional claim, the court erred in considering the extent to which he visited his children when they were in foster care (*see Matter of Raquel Marie X.*, 76 NY2d 387, 401 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990] ["The unwed father's protected interest requires both a biological connection and full parental responsibility; he must both be a father and behave like one"]).

Given the absence of evidence that respondent provided financial support according to his means and either visited the children at least monthly or, when visitation was not possible, communicated regularly with them or their custodians (Domestic Relations Law § 111 [1] [d]; *Jonathan Logan P., supra*), the court correctly found that respondent never acquired a constitutionally protected interest in his children (*see Lehr v Robertson*, 463 US 248, 262 [1983]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.