■ In the Matter of AARON P. and Another, Infants. JUAN C.P., Appellant; GRAHAM-WINDHAM, Respondent. [877 NYS2d 30]—

Order of disposition, Family Court, Bronx County (Clark V. Richardson, J.), entered on or about November 21, 2007, which, to the extent appealed from as limited by the briefs, determined that respondent father's consent was not required for the adoption of the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Because respondent did not maintain "substantial and continuous or repeated contact" with the children, his consent to their adoption was not required (Domestic Relations Law § 111 [1] [d]). Respondent's admission that he made no child support payments during his incarceration from 1997 to 2002 is fatal to his claim of being a "consent father," as his incarceration did not "absolve him of his responsibility to support and maintain regular communication with the children" (*Matter of Sharissa G.*, 51 AD3d 1019, 1020 [2008]; *see Matter of Jonathan Logan P.*, 309 AD2d 576 [2003]). Moreover, the record shows significant periods during which respondent failed to contribute support payments "of a fair and reasonable sum" when not incarcerated (Domestic Relations Law § 111 [1] [d] [i]). Additionally, respondent failed to make any objective showing of regular communication while incarcerated (*Jonathan Logan P.*, 309 AD2d at 576). Respondent's testimony of regular contact with the children prior to July 1997 was muddled and largely contradictory. Even crediting that testimony, under these circumstances, such windows of regular contact did not make up for years of absence and failures to communicate (*see Matter of Jason Brian S.*, 303 AD2d 759, 760 [2003]). Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.