■ In the Matter of MATHEW NIKO M., an Infant. CATHOLIC GUARDIAN SOCIETY & HOME BUREAU et al., Respondents; NIKO M., Appellant. [894 NYS2d 753]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about August 14, 2008, which, after a hearing, found that respondent was not a consent father as defined under Domestic Relations Law § 111 (1) (d), unanimously affirmed, without costs.

Clear and convincing evidence supports the finding that re-

spondent did not meet the parental responsibility criteria set forth in Domestic Relations Law § 111 (1) (d) (*see Matter of Jonathan Logan P.*, 309 AD2d 576 [2003]). The evidence shows that respondent was incarcerated for the majority of his son's life, that he failed to provide any financial support, and that he did not maintain regular contact and/or visit with his son (*see Matter of Aaron P.*, 61 AD3d 448 [2009]; *Matter of William R.C.*, 26 AD3d 229, 230 [2006], *lv denied* 7 NY3d 714 [2006]). The monies allegedly provided by the paternal grandmother as purported support for the child on respondent's behalf do not substitute for the legal support obligations owed by respondent (*see Matter of Michael E. J.*, 84 AD2d 816, 817 [1981]), nor are the contacts and communications by the paternal grandmother with the child imputed to respondent (*see e.g. Matter of Crawford*, 153 AD2d 108, 112 [1990]). To the extent respondent asserts that he was thwarted in his effort to maintain contact with his son because he perceived the maternal grandmother to be a difficult person, such contention ignores his other statement that, while incarcerated, he chose not to maintain contact with his son because it would cause him stress. Furthermore, there is no evidence that respondent attempted to reach out to the agency for assistance in maintaining contact with his son. Concur—Andrias, J.P., Nardelli, Catterson, DeGrasse and Manzanet-Daniels, JJ.