■ In the Matter of GEKIA HAFEESAH AMORE M., an Infant. PARIS W., Appellant; HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent. [903 NYS2d 389]—

Order of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about January 6, 2009, which, insofar as appealed from, determined that respondent father's consent was not required for the subject child's adoption, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Assuming in respondent's favor that the court committed prejudicial error in preventing him from offering an explanation for his admitted failure to ever pay any child support (Domestic Relations Law § 111 [1] [d] [i]), and assuming further in respondent's favor that the court's denials of his requests for visitation prevented him visiting the child at least monthly (Domestic Relations Law § 111 [1] [d] [ii]), respondent still could have communicated regularly with the agency but failed to do so (Domestic Relations Law § 111 [1] [d] [iii]). Respondent's testimony at best shows only half-hearted attempts, largely by his mother, to reach the agency by phone, that fell short of the regular efforts at communication contemplated by the statute (*see Matter of Aaron P.*, 61 AD3d 448 [2009]; *Matter of Jonathan Logan P.*, 309 AD2d 576 [2003]). The court's best interests determination is supported by a preponderance of the evidence (*see Matter of Chandel B.*, 58 AD3d 547, 548 [2009]; *Matter of Jenee Chantel R.*, 295 AD2d 291, 292 [2002]). We have considered and rejected respondent's other arguments. Concur— Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ.