In the Matter of MARC JALEEL G., an Infant. MARC E.G., Appellant; CATHOLIC GUARDIAN SOCIETY CENTER AND HOME BUREAU, Respondent. [905 NYS2d 160]—

Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about April 28, 2009, which concluded respondent's consent was not required for the adoption of his son, and committed custody and guardianship of the child to petitioner and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Because respondent did not maintain "substantial and continuous or repeated contact with the child" and failed to provide support for him while in foster care (Domestic Relations Law § 111 [1] [d]), his consent to placement for adoption was not required (*Matter of Aaron P.*, 61 AD3d 448 [2009]). His repeated incarceration did not absolve him of responsibility for support and maintaining regular communication (*Matter of*

*Sharissa G.*, 51 AD3d 1019, 1020 [2008]). Nor was he excused from paying financial support because the agency had not instructed him to do so. The unexcused failure to contribute such support for most of his son's life is fatal to respondent's claim that his consent to an adoption is required (*see Matter of Aaron P.*, 61 AD3d 448 [2009]).

Respondent spent about half of his son's first eight years in jail, and did not maintain regular contact with him for much of that period. Although contact increased substantially after his release from prison in August 2006, these intermittent periods of contact do not amount to the regular efforts at communication contemplated by section 111 (*see Aaron P.*, 61 AD3d at 448; *Matter of Jonathan Logan P.*, 309 AD2d 576 [2003]).

Respondent's contention that he was entitled to treatment as a "consent father" because the agency had directed him to engage in parenting skills classes and other services as a prerequisite to obtaining custody is unavailing, as the agency was not required to proceed under one theory as opposed to another. Even if the agency had petitioned to terminate parental rights on the ground of permanent neglect, it would not have been precluded from withdrawing that claim and proceeding on the alternative theory that respondent was a "notice father" (*Matter of Dominique P.*, 14 AD3d 319 [2005]). The agency in fact did proceed against respondent on the theory he was a notice father. The court's best interests determination was supported by a preponderance of the evidence (*see Matter of Chandel B.*, 58 AD3d 547, 548 [2009]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ.

Motion to strike brief and for other related relief denied.