■ In the Matter of MATTHEW NIKO M., an Infant. NIKO M., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU et al., Respondents. [926 NYS2d 411]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about May 21, 2010, which, to the extent appealed from, committed custody and guardianship of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

We previously determined that clear and convincing evidence supported the finding that respondent's consent was not required for the adoption of the child (*see Matter of Mathew Niko M. [Niko M.]*, 71 AD3d 440 [2010]).

A preponderance of the evidence supports Family Court's subsequent determination that the child's best interests would be served by freeing him for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The record shows that respondent has not seen the child in years and has little insight into his needs. By contrast, the child is in a stable foster home where his special needs are being met and where he wishes to remain (*see Matter of Chandel B.*, 58 AD3d 547, 548 [2009]).

Respondent's request for a suspended judgment was raised for the first time on appeal, and therefore is unpreserved (*see Matter of Omar Saheem Ali J. [Matthew J.]*, 80 AD3d 463 [2011]). In any event, a suspended judgment is not warranted. The record shows that respondent has not adequately planned for the child's future, and that the child's needs are currently being met in his foster home (*id.*).

We decline to review respondent's argument that Family Court erred in granting an order of protection against him with respect to the child's half brother, since respondent never appealed from that order. In any event, were we to review it, we would reject it. Family Court had the authority to grant the order of protection, given that respondent was a member of the half child's household (*see* Family Ct Act § 1056 [4]; § 812 [1] [d]). Respondent's due process rights were not violated by the issuance of the order. Indeed, respondent's counsel was present at the hearing and objected before the order was issued. There was sufficient evidence supporting the order, including statements the half brother made to the staff at Bellevue Hospital regarding respondent's sexual abuse. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.