■ In the Matter of CHARLE CHIEDU E., Also Known as CHARLES E. HEART SHARE HUMAN SERVICES OF NEW YORK, Respondent; CHIEDU E., Respondent, et al., Respondent. STEVEN BANKS, Attorney for the Child, Nonparty Appellant. [930 NYS2d 456]—

The Family Court's determination that the consent of the biological father, Chiedu E., to the adoption of the subject child was required was not supported by the record before it (*see Lehr v Robertson*, 463 US 248, 262 [1983]; *Matter of Robert O. v Russell K.*, 80 NY2d 254, 262 [1992]; *Matter of Raquel Marie X.*, 76 NY2d 387, 401 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]; *Matter of Joseph Kenneth B.*, 47 AD3d 809 [2008]; *Matter of Baby Boy C.*, 13 AD3d 619, 620-621 [2004]). The biological father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Robert O. v Russell K.*, 80 NY2d at 264; *Matter of Andrew Peter H. T.*, 64 NY2d 1090, 1091 [1985]; *Matter of Marc Jaleel G. [Marc E.G.]*, 74 AD3d 689, 690 [2010]; *Matter of Jamize G.*, 40 AD3d 543, 544 [2007]; *Matter of Jason Brian S.*, 303 AD2d 759, 760 [2003]; *see also Matter of Vanessa Ann G.-L.*, 50 AD3d 1036, 1037-1038 [2008]).

Accordingly, the Family Court should have granted that branch of the amended petition which was for a determination that the consent of the biological father was not required for the child's adoption pursuant to Domestic Relations Law § 111 (1) (d).

In light of the foregoing, we need not reach the parties' remaining contentions. Angiolillo, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 28 Misc 3d 1107.]**