■ In the Matter of JADEN BLESSING R., an Infant. QUASHI G., Appellant; THE CHILDREN'S VILLAGE, Respondent. [38 NYS3d 894]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 27, 2015, which, to the extent appealed from as limited by the briefs, determined that respondent putative father was not entitled to notice pursuant to Social Services Law § 384-c, and that his consent was not required for the adoption of the subject child, and transferred guardianship and custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent did not meet the statutory requirements for notice of the termination of parental rights proceedings (*see* Social Services Law § 384-c [2]). Nor is his consent required for the adoption of the child, as the record shows that he failed to contribute to the child's financial support in any meaningful way and failed to maintain regular contact with the child or his custodians (*see* Domestic Relations Law § 111 [1] [d]; *Matter of William R.C.*, 26 AD3d 229 [1st Dept 2006], *lv denied* 7 NY3d 714 [2006]). Respondent's incarceration did not absolve him of his parental obligations (*see Matter of Jonathan Logan P.*, 309 AD2d 576 [1st Dept 2003]), and he failed to provide any

documentation to support his claims of visitation and financial support.

Respondent's remaining arguments, to the extent preserved for our review, are unavailing. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.