■ In the Matter of GINELLE T.A. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONDALE J., Appellant, et al., Respondent. [42 NYS3d 840]—

Appeal by the father from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated July 15, 2015. The order, after a hearing, determined that the father's consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111 (1) (d).

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding to terminate the parental rights of the mother of the subject child, and therein sought a determination that the father of the child was a person whose consent to the adoption of the child was not required pursuant to Domestic Relations Law § 111 (1) (d). After a hearing, the Family Court so determined.

The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Robert O. v Russell K.*, 80 NY2d 254, 262 [1992]; *Matter of Andrew Peter H.T.*, 64 NY2d 1090, 1091 [1985]; *Matter of Charle Chiedu E. [Chiedu E.]*, 87 AD3d 1140 [2011]). Contrary to the father's contention, the agency was not required to demonstrate that it had made efforts "to encourage the father to perform" these acts (Domestic Relations Law § 111 [1] [d]; *see Matter of Marc Jaleel G. [Marc E.G.]*, 74 AD3d 689, 689-690 [2010]; *Matter of Sharissa G.*, 51 AD3d 1019, 1020 [2008]; *Matter of Christopher Robert T.*, 303 AD2d 759, 760-761 [2003]). Accordingly, the Family Court properly determined that the consent of the father to the adoption of the subject child was not required. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.

---

Appeal by Rondale J. from an order of the Family Court, Nassau County, dated July 15, 2015. By order to show cause dated September 22, 2015, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal in the above-entitled proceeding on the ground that no appeal lies from an order entered upon the default of an appealing party. By decision and order on motion of this Court dated November 12, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeal, it is

Ordered that the motion to dismiss the appeal is denied. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.