■ In the Matter of Karin R., an Infant, Appellant. Delinda R., Respondent. In the Matter of Hunter R., an Infant. Delinda R., Appellant; The children's Village, Respondent. [47 NYS3d 1]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 13, 2015, which,

upon a fact-finding determination of abandonment and permanent neglect, terminated respondent mother's parental rights and transferred custody and guardianship of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, and denied and dismissed petitioner maternal grandmother's petition for custody, unanimously affirmed, without costs.

The finding of abandonment is supported by clear and convincing evidence that respondent failed to have any contact with the child during the six months preceding the filing of the petition to terminate her parental rights, and had only one contact with the agency during that time, which did not rise beyond the level of minimal, sporadic and insubstantial contact (see Social Services Law § 384-b [5] [a]; Matter of Jaylen Derrick Jermaine A. [Samuel K.], 125 AD3d 535 [1st Dept 2015]). Respondent's vicarious communication with petitioner maternal grandmother, who had visitation with the child, did not evince her intention to maintain a parental role (see Matter of Mathew Niko M. [Niko M.], 71 AD3d 440 [1st Dept 2010]).

The finding of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, developing a service plan, which included drug testing, rehabilitation and visitation with the child (see Social Services Law § 384-b [7] [a]; see e.g. Matter of Josephine O., 245 AD2d 900 [3d Dept 1997], lv denied 91 NY2d 814 [1998]). Despite these efforts, however, respondent was expelled from her inpatient drug rehabilitation program for noncompliance, and failed to maintain contact with the agency or keep it apprised of her whereabouts and contact information so that additional referrals could be provided or visitation established (see Social Services Law § 384-b [7] [e] [i]). Respondent failed to address the issues underlying the child's placement into foster care in the first instance (see Matter of Nathaniel T., 67 NY2d 838 [1986]), and failed to demonstrate a viable and realistic plan for the child's future (see Social Services Law § 384-b [7] [c]; Matter of Miguel S., 140 AD2d 202, 205 [1st Dept 1988]).

To the extent respondent contends that, rather than terminating her parental rights, the court should have awarded custody of the child to petitioner grandmother, and contrary to petitioner grandmother's argument that, in light of her connection to the child and his bond with her, denying her custody was contrary to the child's best interests, we agree with the court that it would not be in the child's best interests to uproot

him from his pre-adoptive foster home, the only stable home he has ever known (*see Matter of Luz Maria V.*, 23 AD3d 192 [1st Dept 2005], *lv denied* 6 NY3d 710 [2006]; *Matter of Karon J.*, 293 AD2d 404 [1st Dept 2002]). Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.