Matter of Giulio D. (Sylvia L.) (2017 NY Slip Op 04074)





Matter of Giulio D. (Sylvia L.)


2017 NY Slip Op 04074


Decided on May 23, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2017

Friedman, J.P., Moskowitz, Feinman, Gische, Kahn, JJ.


4066

[*1]In re Giulio D., and Another, Dependent Children Under the Age of Eighteen Years, etc. Sylvia L., Respondent-Appellant, Edwin Gould Services for Children and Families, Petitioner-Respondent.


Thomas R. Villecco, Jericho, for appellant.
John R. Eyerman, New York, for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about October 21, 2015, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent mother had permanently neglected the subject children, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that the mother permanently neglected the subject children by failing to plan for their future, despite petitioner agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Star Leslie W., 63 NY2d 136 [1984]; Matter of Sheila G., 61 NY2d 368, 384-386 [1984]). The agency exercised diligent efforts by scheduling regular visitation, and by referring the mother to alcohol and drug treatment, and parenting skills and mental health services (see Matter of Marissa Tiffany C-W. [Faith W.], 125 AD3d 512, 512 [1st Dept 2015]). Although the mother did complete many aspects of her service plan, she failed to gain insight into her parental deficiencies or benefit from the services (see e.g. Matter of Jaileen X.M. [Annette M.], 111 AD3d 502, 502 [1st Dept 2013], lv denied 22 NY3d 859 [2014]). Among other things, the mother continued to display poor parenting skills at visits to the point where both children requested that visits be stopped. The mother's therapist reported that the mother had gained little insight since engaging in therapy, and
the case planner observed that the mother continually failed to take responsibility for her role in the circumstances that led to the children's placement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2017
CLERK