Matter of Elijah Manuel V. (Ismanuel V.) (2018 NY Slip Op 03804)





Matter of Elijah Manuel V. (Ismanuel V.)


2018 NY Slip Op 03804


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6691

[*1]In re Elijah Manuel V., A Child Under the Age of Eighteen Years, etc., Ismanuel V., Respondent-Appellant, Jewish Child Care Association, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Law Offices of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about January 5, 2017, which, inter alia, found that respondent was a notice only father and, in the alternative, that he abandoned the subject child, unanimously affirmed, without costs.
Respondent challenges the constitutionality of the financial support requirement of Domestic Relations Law (DRL) § 111(1)(d). As an initial matter, we cannot, on this record, determine the adequacy of the notice he provided the Attorney General (see Executive Law § 71; CPLR 1012[b]). In any event, we find that respondent furnishes no grounds to find the statute unconstitutional. He contends it violates equal protection guarantees by imposing a threshold requirement on unwed fathers, not imposed on unwed mothers, to make payment toward the support of a child born out-of-wedlock, but the Supreme Court has generally upheld such "gender-based distinction[s]" against an equal protection claim (Lehr v Robertson, 463 US 248, 266 [1983]). Moreover, as applied here, we find the statute is not unconstitutional, as the record amply establishes that respondent failed to maintain substantial and continuing contact with the child since the child entered foster care in 2012, and took no steps to manifest or establish his parental responsibility with respect to his son (see Matter of Raquel Marie X., 76 NY2d 387, 398 [1990], cert denied 498 US 984 [1990]; Matter of Jonathan Logan P., 309 AD2d 576 [1st Dept 2003]).
The agency bore and met its initial burden of going forward with evidence to show respondent's consent to adoption was not required under DRL 111(1), but respondent did not meet his ultimate burden of showing that his consent was required (see Matter of Dominique P., 24 AD3d 335 [1st Dept 2005], lv denied 6 NY3d 712 [2006]). Respondent's incarceration alone was no excuse for his failure to maintain contact (see Matter of Baby Boy C., 13 AD3d 619 [2d Dept 2004]). He did not rebut the testimony that he failed to contribute to his son's support according to his means, and his efforts to shift blame to the agency for his failures are unavailing (see DRL 111[1][d]). Furthermore, since he did not testify at the hearing, the court properly drew a negative inference against him (see Matter of Chad Nasir S. [Charity Simone S.], 157 AD3d 425 [1st Dept 2018]).
There exists no basis to disturb the court's alternative finding of abandonment. Respondent did not rebut the testimony that, for at least six months before the petition was filed, he did not visit with the child or communicate with him or the agency, and thus evinced an intent to forego his parental rights and obligations (see Social Services Law §§ 384-b[4][b]; 384-[*2]b[5][b]). He offers no reason to disturb the court's determination that his mother's testimony about his visits with the child in her home and while he was incarcerated was not credible (see Matter of Weinberg v Weinberg, 52 AD3d 616 [2d Dept 2008]), and, in any case, the testimony mainly revealed her own interest in being involved in her grandchild's life, an interest that cannot be imputed to the father (see Matter of Karin R. [Delinda R.], 146 AD3d 526 [1st Dept 2017], lv denied 29 NY3d 903 [2017]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK