Matter of Floyd J.B. (Floyd B.) (2019 NY Slip Op 03965)





Matter of Floyd J.B. (Floyd B.)


2019 NY Slip Op 03965


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02048
 (Docket No. B-14282-15)

[*1]Matter of Floyd J.B. (Anonymous). Little Flower Children and Family Services of New York, respondent; Floyd B. (Anonymous), etc., appellant.


Christian P. Myrill, Jamaica, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Heath J. Goldstein, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Carol Stokinger, J.), dated January 23, 2018. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father's consent to the adoption of the subject child is not required and that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the subject child to the petitioner, Little Flower Children and Family Services of New York, and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner filed a petition pursuant to Social Services Law § 384-b to terminate the parental rights of the father on the grounds, inter alia, of permanent neglect. The petition further alleged that the father's consent was not required for adoption. Following a fact-finding hearing, the Family Court determined that the father's consent to adoption was not required. The court also found that "[e]ven if this Court found that the father was a consent father," the father had permanently neglected the subject child. Following a dispositional hearing, the court terminated the father's parental rights and freed the child for adoption by the foster parents. The father appeals.
A biological father's consent to adopt a child over six months old who was born out of wedlock is required only if the father "maintained substantial and continuous or repeated contact with the child as manifested by" payment of child support "of a fair and reasonable sum, according to the father's means," and either monthly visitation or regular communication with the child or custodian (Domestic Relations Law § 111[1][d]; see Matter of Mikai R. [Ralph R.], 166 AD3d 624, 624; Matter of John Q. v Erica R., 104 AD3d 1097, 1098). The statute imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of the requirements is [*2]sufficient to warrant a finding that his consent to the proposed adoption is not required (see Matter of Mikai R. [Ralph R.], 166 AD3d at 624; Matter of Makia R.J. [Michael A.J.], 128 AD3d 1540, 1540). The father bears the burden of proving compliance with the statute (see Matter of Ginelle T.A. [Rondale J.], 145 AD3d 877, 878).
Here, we agree with the Family Court's determination that the father failed to meet his burden of establishing that he paid child support of a fair and reasonable sum, according to the father's means. The fact that the father was incarcerated did not absolve him of his responsibility to support and maintain regular communication with the child (see Matter of Sharissa G., 51 AD3d 1019, 1020). While the father provided the mother with some child support prior to the child being placed in foster care, he failed to provide any support to the child thereafter (see Matter of Giovannie Sincere M. [Dennis M.], 99 AD3d 635, 635). The father was not excused from paying financial support on the ground that the agency had not instructed him to do so (see Domestic Relations Law § 111[1][d]; Matter of Ginelle T.A. [Rondale J.], 145 AD3d at 878; Matter of Marc Jaleel G. [Marc E.G.], 74 AD3d 689, 690), or by the absence of a court order directing him to pay child support (see Matter of Blake I. [Richard H.—Neimiah I.], 136 AD3d 1190, 1192; Matter of Jason Brian S., 303 AD2d 759, 760). Accordingly, the father's consent to the proposed adoption was not required.
The father's constitutional challenge to Domestic Relations Law § 111(1)(d) is unpreserved for appellate review (see Matter of Latrice R., 93 AD2d 838, 838), and we decline to reach it in the exercise of our interest of justice jurisdiction.
We agree with the Family Court's determination that even if the father had been found to be a "consent father," the petitioner established by clear and convincing evidence that the father permanently neglected the child (see Social Services Law § 384-b[7][a]). Despite the petitioner's diligent efforts to encourage the parental relationship, the father failed to plan for the child's future (see Social Services Law § 384-b [7][c]). "At a minimum, parents must take steps to correct the conditions that led to the removal of the child from their home" (Matter of Khadija J.K. [Kadijatu F.K.], 161 AD3d 1153, 1154 [internal quotation marks omitted]; see Matter of Nathaniel T., 67 NY2d 838, 840). The father was incarcerated during the first year of the child's placement in foster care and was reincarcerated for a parole violation within months of his release. While the father completed certain services during the time he was not incarcerated, he failed to address the issues which prevented him from assuming custody of the child, and, therefore, failed to plan for the child's future (see Matter of Aphrodite Kristina Maria S. [Katrina W.], 68 AD3d 879, 880).
The Family Court providently exercised its discretion in declining to issue a suspended judgment, as the evidence established that it would be in the child's best interests to be freed for adoption by his foster parents (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Ashley D.W. [Marcus W.], 124 AD3d 670, 670; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828; Matter of Shaprea L.R. [Mario L.], 97 AD3d 587, 588).
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court