Matter of Sariyah L.J. (Antonio J.) (2019 NY Slip Op 06859)





Matter of Sariyah L.J. (Antonio J.)


2019 NY Slip Op 06859


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9917A 9917

[*1] In re Sariyah L. J., A Child Under the Age of Eighteen Years, etc., Antonio J., Respondent-Appellant, The Children's Village, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Melissa Wagshul of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about October 9, 2018, which denied respondent's motion to vacate an order, same court and Judge, entered on or about August 20, 2018, upon his default, which determined that respondent was a notice-only father, unanimously affirmed, without costs. Appeal from August 20, 2018 order unanimously dismissed, without costs, as taken from a nonappealable order (CPLR 5511).
Respondent failed to provide a reasonable excuse for his default and a meritorious defense to the proceeding (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]). Respondent asserted that he was late because he chose to attend a meeting with his shelter worker, but he failed to provide any substantiating evidence or to explain why he made no attempt to contact his attorney, the Family Court, or the agency about his inability to appear at the hearing (see Matter of Ashley Marie M., 287 AD2d 333 [1st Dept 2001]). As for a meritorious defense, respondent's affidavit does not show that he maintained substantial and continuous or repeated contact with his child or provided the child with financial support according to his means (see Domestic Relations Law § 111[1][d]; Matter of Jonathan Logan P., 309 AD2d 576 [1st Dept 2003]; see also Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10, 15 [2d Dept 2015]).
Respondent's contention that he was denied due process because the court dispensed with a dispositional hearing is unpreserved for review and, in any event, unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK