Matter of Jaheim B. (April M.) (2019 NY Slip Op 07541)





Matter of Jaheim B. (April M.)


2019 NY Slip Op 07541


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10158B 10158A 10158

[*1] In re Jaheim B., and Others, Children Under the Age of Eighteen Years, etc., April M., Respondent-Appellant, The Children's Village, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Rosin Steinhagen Mendel PLLC, New York (Douglas H. Reiniger of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Orders, Family Court, New York County (Emily M. Olshanky, J.), entered on or about July 20, 2018, which, inter alia, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the findings of permanent neglect (Social Services Law § 384-b[7]). The agency exerted diligent efforts to strengthen the mother's relationship with the children by referring her to parenting skills for special needs children, providing her with a child care voucher, offering assistance with submitting a public housing application, and scheduling and facilitating the mother's visitation with the children (see e.g. Matter of Giulio D. [Sylvia L.], 150 AD3d 580, 581 [1st Dept 2017]).
Despite these diligent efforts, the mother failed to substantially plan for the children's future. The record shows that the mother failed to secure permanent housing, failed to gain insight into her parenting problems, continued to minimize the extent of the children's special needs and remained incapable of de-escalating the children's tantrums when they occurred (see Matter of Justice N.L.J. [Ebony J.], 157 AD3d 461, 462 [1st Dept 2018]; Matter of Angelina Jessie Pierre L. [Anne Elizabeth Pierre L.], 114 AD3d 471 [1st Dept 2014], lv denied 23 NY3d 901 [2014]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights was in the best interests of the children (see generally Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The children were in the same stable foster home for eight years, where their extensive special needs were addressed, and the foster mother wished to [*2]adopt them (see Matter of Karin R. [Delinda R.], 146 AD3d 526, 527-528 [1st Dept 2017], lv denied 29 NY3d 903 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK