■ In the Matter of MARIE LUZ C., a Child Alleged to be Abandoned. ROBERTO C., Appellant; MCMAHON SERVICES FOR CHILDREN, Respondent. [775 NYS2d 305]—

Order of disposition, Family Court, Bronx County (Maureen A. McLeod, J.), entered on or about October 21, 2002, which, in a proceeding to terminate a father's parental rights, determined, after a fact-finding hearing, that respondent-appellant father had abandoned the child and, in any event, that his consent to adoption was not required, whereupon custody and guardianship was granted to the Commissioner of Social Services and petitioner agency for the purpose of adoption placement, unanimously affirmed, without costs.

The finding of abandonment was based on clear and convincing evidence of appellant's failure to contact the child or agency during the six months prior to the filing of the petition, and the absence of any evidence that the agency had prevented or discouraged such contact (Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Shakim Ravon B.*, 257 AD2d 547 [1999]). Appellant conceded at the hearing that he had not accepted the agency's offer of assistance in maintaining contact with his

daughter. His incarceration prior to the child's birth and at all times thereafter did not excuse his failure to make contact, nor was the agency obligated, during the abandonment period, to initiate efforts to encourage the parental relationship (*id.*).

The court properly exercised its discretion in denying as untimely appellant's application for a continuance of the fact-finding to hear testimony from two witnesses to corroborate that he sent gifts, letters and cards to the child from prison during the statutory six-month period. By that time the case had been pending for over a year, and he had made no effort to subpoena or otherwise contact these witnesses (*see e.g. Matter of Jamieka G.*, 276 AD2d 288 [2000]). Nor had he indicated how their proposed testimony would have materially added to the case (*see generally Matter of Westchester County Dept. of Social Servs. [Ashanti R.] v Felicia R.*, 215 AD2d 671 [1995], *lv denied* 86 NY2d 708 [1995]), in light of his concession that nearly all the items he purportedly sent through the mother and others never even reached his daughter.

The determination to terminate Roberto's parental rights in order to free the child for adoption by the foster parents—her maternal grandparents, with whom she has resided for six years and has bonded—was supported by a preponderance of the evidence (*see Matter of Michael Benjamin R.*, 283 AD2d 231 [2001]). Appellant conceded at the dispositional hearing that the home provided by the maternal grandparents was the "best place" for the child, in light of the fact that he was not due to be released from prison until September 2006.

The agency further established, in the alternative and by clear and convincing evidence, that appellant's consent to the adoption placement was not required, since he concededly provided no financial support for the child, and failed to offer any objective evidence to support his claims of contact through letters, cards and gifts (*see* Domestic Relations Law § 111 [1] [d]). Appellant's explanation for his failure to visit or communicate with the child during the statutory period was inadequate and did not evince an intent to maintain and protect his parental rights and obligations (*see e.g. Matter of Jason Brian S.*, 303 AD2d 759 [2003]). The agency had even offered to help him confront the mother's allegedly obstructive tactics. He has no basis, on this record, for arguing that he was thwarted in his efforts to maintain contact with his daughter. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.