■ In the Matter of HASSAN LAWRENCE W., an Infant. WEST-CHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARRY B., Appellant, et al., Respondent. [840 NYS2d 140]—

In a proceeding pursuant to Social Services Law § 384-b, to terminate the mother's parental rights, the father appeals, as limited by his brief, from so much of an order of fact finding and disposition of the Family Court, Westchester County (Cooney, J.), entered June 16, 2006, as, after a hearing, determined that the adoption of the child could proceed without his consent and without further notice to him.

Ordered that the order of fact finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

We discern no basis to disturb the finding of the Family Court that the father's consent to the adoption of the child was not required, as he did not maintain "substantial and continuous or repeated contact with the child" within the meaning of Domestic Relations Law § 111 (1) (d). The father never paid child support, and failed to have regular communication with either the child or the child's custodian during the father's incarceration for most of the child's life (*see Matter of Kianna C.,* 292 AD2d 380 [2002]). His belated interest in the child after he was released from prison was "neither sufficiently prompt nor sufficiently substantial" to satisfy Domestic Relations Law § 111 (1) (d), and to require his consent to the child's adoption (*Matter of John E. v Doe,* 164 AD2d 375, 382 [1990]; *see Matter of*

*Sergio LL.*, 269 AD2d 699 [2000]). Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.