In the Matter of SHARISSA G. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; RICHARD M.G., Appellant. (Proceeding No. 1.) In the Matter of SHAMEEKA G. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; RICHARD M.G., Appellant. (Proceeding No. 2.) [859 NYS2d 246]—

In related proceedings pursuant to Social Services Law § 384-b for guardianship and custody of two children, the father appeals, as limited by his brief, from so much of two orders of the Family Court, Kings County (Pearl, J.), both dated April 23,

2007 (one as to each child), as, after a hearing, committed the guardianship and custody of the children to the Commissioner of Social Services of the City of New York and Jewish Child Care Association of New York and authorized them to consent to the adoption of the subject children without his consent.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The appellant's contention that the petitions were facially insufficient and did not sufficiently apprise him that the petitioner was seeking to dispense with his consent to the adoption of the subject children is without merit (*see Matter of Kimberly Vanessa J.,* 37 AD3d 185, 186 [2007]; *Matter of Jamel Isaiah R.,* 18 AD3d 558 [2005]; *Matter of Taylor R.,* 290 AD2d 830, 832 [2002]).

The Family Court's determination that the appellant's consent to the adoption of the children was not required was supported by clear and convincing evidence (*see Matter of Taylor R.,* 290 AD2d at 832). The appellant failed to sustain his burden of establishing that he maintained substantial and continuous or repeated contact with the children through the payment of support and either regular visitation or other communication with the children (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Hassan Lawrence W.,* 42 AD3d 573 [2007]). The fact that the appellant had been incarcerated did not absolve him of his responsibility to support and maintain regular communication with the children (*see Matter of Baby Boy C.,* 13 AD3d 619, 620-621 [2004]; *Matter of Felix M.,* 9 AD3d 432, 433 [2004]).

The appellant's contention that it was the petitioner's responsibility to locate him while he was incarcerated has no legal support. In addition, the appellant made no effort to contact the petitioner (*see Matter of Marie Luz C.,* 6 AD3d 304 [2004]). Further, the appellant did not make any attempt to locate his children after their mother became ill, was hospitalized, and subsequently died (*cf. Matter of Medina Amor S.,* 50 AD3d 8 [2008]), despite the fact that he had an opportunity to do so when two relatives, who had contact with the children, telephoned him while he was incarcerated. It was undisputed that at least one of the relatives informed the appellant in 2004 that the mother was ill and in the hospital. Moreover, the appellant's testimony that he mailed 10 to 12 letters to the children while he was incarcerated was not supported by objective evidence, and his testimony did not specify when he mailed the letters (*see Matter of Marie Luz C.,* 6 AD3d 304, 305 [2004]).

The Family Court correctly determined that it was in the best interests of the children to be placed in the care and custody of

the petitioner and the Commissioner of Social Services of the City of New York and to be freed for adoption (*see Matter of "Female" V.,* 21 AD3d 1118, 1119 [2005]; *Matter of Love Russell J.,* 7 AD3d 799 [2004]; *see also Matter of Justin Lemont R.,* 45 AD3d 445, 446 [2007]).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.