■ In the Matter of SERENITY ANYA C. CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU et al., Respondents; ERIC VINCENT C., Appellant, et al., Appellant, et al., Respondents. [874 NYS2d 389]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, Eric Vincent C. appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Hamill, J.), dated August 22, 2007, as, after a hearing, determined that he was not a putative father whose consent to the adoption was required pursuant to Domestic Relations Law § 111.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's determination that the appellant's consent to the adoption was not required was supported by clear and convincing evidence (*see Matter of Sharissa G.,* 51 AD3d 1019 [2008]). The appellant failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Hassan Lawrence W.,* 42 AD3d 573 [2007]). Imprisonment does not excuse a parent from maintaining contact with a child or agency (*see Matter of Baby Boy C.,* 13 AD3d 619, 620-621 [2004]; *Matter of Felix M.,* 9 AD3d 432, 433 [2004]).

In light of the foregoing, we need not reach the appellant's remaining contentions. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.