■ In the Matter of Kevin A., Jr., Also Known as Kevin A., Also Known as Kevin R., an Infant. SCO Family of Services et al., Respondents; Kevin A., Sr., Appellant, et al., Respondent. [878 NYS2d 387]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the putative father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Grosevenor, J.), dated January 28, 2008, as, after a fact-finding hearing, determined, inter alia, that his consent to the subject adoption was not required and that he was not entitled to notice of the adoption, and committed the rights of custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and the SCO Family of Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined that the putative father's consent was not necessary for the adoption of the subject child. The putative father was not entitled to notice of a proceeding under the provisions of Domestic Relations Law § 111-a (2), pertaining to adoption proceedings. He was never adjudicated the child's father by any court, he was not identified as such on the birth certificate or in a sworn statement by the mother, he never formally acknowledged or filed a notice of intent to claim paternity, his name was not filed with the putative father registry, and he was not living with the child's mother. In any event, even if he was the father, he failed to sustain his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Hassan Lawrence W.,* 42 AD3d 573 [2007]). The fact that the putative father had been incarcerated did not absolve him of his responsibility to support and maintain regular communication with the child (*see Matter of Baby Boy C.,* 13 AD3d 619 [2004]; *Matter of Felix M.,* 9 AD3d 432 [2004]).

The putative father's remaining contention is without merit. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.