■ In the Matter of JAYQUAN J. SCO FAMILY OF SERVICES, Appellant, et al., Petitioner; CLINT J., Respondent. [910 NYS2d 121]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the putative father's parental rights on the ground of abandonment and determine that his consent is not required for the child's adoption pursuant to Domestic Relations Law

§ 111, the petitioner appeals from an order of the Family Court, Kings County (Beckoff, J.), dated September 24, 2009, which, after a fact-finding hearing, dismissed the petition and found that the putative father's consent is required for the child's adoption pursuant to Domestic Relations Law § 111.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition to terminate the putative father's parental rights on the ground of abandonment and to determine that his consent is not required for the child's adoption pursuant to Domestic Relations Law § 111 is granted, and the matter is remitted to the Family Court, Kings County, for disposition.

Contrary to the Family Court's determination, the petitioner established, by clear and convincing evidence, that the putative father (hereinafter the father) abandoned the child in the six months immediately preceding the filing date of the petition (*see* Social Services Law § 384-b [4] [b]; [5]). While the father was not afforded the notice to which he was entitled of the original removal proceeding, and of permanency hearings that predated the filing of the petition to terminate his parental rights, the record demonstrates that these inexcusable derelictions by the petitioner neither prevented nor discouraged the father from maintaining contact with the child (*see Matter of Annette B.*, 4 NY3d 509 [2005]). Moreover, fully crediting the father's testimony concerning his desire to maintain contact and his efforts to obtain information about the child, as the Family Court did, his efforts were minimal, sporadic, and insubstantial, and therefore were insufficient to preclude a finding of abandonment (*see* Social Services Law § 384-b [5] [b]; *Matter of Annette B.*, 4 NY3d at 514; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970 [2010]; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691 [2004]; *Matter of Kimberly Y.*, 9 AD3d 412 [2004]).

In addition, the father did not establish, by clear and convincing evidence, that he maintained regular communication with the child or the petitioner and provided financial support, according to his means, for the child. Thus, contrary to the Family Court's finding, the father's consent to the child's adoption pursuant to Domestic Relations Law § 111 (1) (d) is not required (*see Matter of Aaron P.*, 61 AD3d 448 [2009]; *Matter of Sharissa G.*, 51 AD3d 1019 [2008]; *Matter of Hassan Lawrence W.*, 42 AD3d 573 [2007]; *see also Matter of Dominique P.*, 24 AD3d 335, 336 [2005]). Further, the father's incarceration did not absolve him of the responsibility to provide financial support for the child, according to his means, and to maintain regular contact with the child or the petitioner (*see* Domestic Relations

Law § 111 [1] [d]; *Matter of Mathew Niko M. [Niko M.]*, 71 AD3d 440 [2010]; *Matter of Kevin A., Jr.*, 61 AD3d 859 [2009]; *Matter of Serenity Anya C.*, 60 AD3d 852 [2009]; *Matter of Sharissa G.*, 51 AD3d 1019 [2008]; *Matter of Hassan Lawrence W.*, 42 AD3d 573 [2007]; *see also* Social Services Law § 384-b [2] [b]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.