■ In the Matter of JANELLE C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SEAN R., Appellant, et al, Respondent. [930 NYS2d 905]—

The Family Court's determination that the father's consent to the adoption of the subject child was not required was supported by clear and convincing evidence (*see Matter of Sharissa G.*, 51 AD3d 1019 [2008]). In this respect, the evidence demonstrated that the father never paid support, visited the child only once during the period when he knew of her whereabouts, and failed to take basic steps to locate her after losing track of her whereabouts. In addition, once he learned that the child was in the custody of the Department of Social Services, he left only one voicemail message with a caseworker during a period of approximately seven months. Accordingly, the father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Jaden Dasani-Amru B. [Roy Alphonso B.]*, 74 AD3d 801, 802 [2010]; *Matter of Jason Brian S.*, 303 AD2d 759 [2003]; *Matter of Kianna C.*, 292 AD2d 380 [2002]).

The father was not deprived of the effective assistance of counsel (*see Matter of Amber Megan D.*, 54 AD3d 338 [2008]; *Matter of Laura F.*, 48 AD3d 812 [2008]; *see generally Matter of Shaheen P.J.*, 29 AD3d 996, 998 [2006]).

The father's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.