■ In the Matter of JULIAN J.C. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JUAN C., Appellant, et al., Respondent. [946 NYS2d 874]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Olshansky, J.), dated March 14, 2011, as, after fact-finding and dispositional hearings, determined that his consent to the subject adoption was not required, and transferred the rights of custody and guardianship of the subject child to the New York City Children's Service and the New York Foundling Hospital for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's determination that the father's consent to the adoption of the subject child was not required is supported by clear and convincing evidence (*see Matter of Jaden Dasani-Amru B. [Roy Alphonso B.]*, 74 AD3d 801 [2010]). The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Seasia D.*, 10 NY3d 879, 880 [2008], *cert denied sub nom. Kareem W. v Mr. & Mrs. Anonymous*, 555 US 1046 [2008]; *Matter of Sharissa G.*, 51 AD3d 1019 [2008]; *Matter of Hassan Lawrence W.*, 42 AD3d 573 [2007]).

The Family Court did not improvidently exercise its discretion in declining the father's request for an adjournment prior to making a disposition in this matter, since the record fails to demonstrate any "good cause shown" for an adjournment (Family Ct Act § 626 [a]; *see Matter of Williams D. [Vernetta Bernadett D.]*, 82 AD3d 882 [2011]).

The father's remaining contentions are improperly raised for the first time on appeal (*see Matter of Marcena S.*, 103 AD2d 847 [1984]). Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.