In a proceeding pursuant to Social Services Law § 384-b to terminate the mother’s parental rights on the ground of permanent neglect, Mustafa F. appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Richmond County (Wolff, J.), dated January 18, 2011, as, after fact-finding and dispositional hearings, determined that he was not a father whose consent to the adoption of the subject child was required pursuant to Domestic Relations Law § 111 and transferred guardianship and custody of the subject child to the Children’s Aid Society and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Family Court’s determination that the appellant’s consent to the adoption was not required was supported by clear and convincing evidence (see Matter of Julian J.C. [Juan C.], 96 AD3d 937 [2012]; Matter of Jaden Dasani-Amru B. [Roy Alphonso B.], 74 AD3d 801 [2010]; Matter of Serenity Anya C., 60 AD3d 852 [2009]). The appellant failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support *739 and either regular visitation or other communication with the child (see Domestic Relations Law § 111 [1] [d]; Matter of Janette C. [Sean R.], 88 AD3d 787, 787 [2011]; Matter of Martin V.L. [Martin L.], 88 AD3d 714, 715 [2011]; Matter of Aaron P., 61 AD3d 448, 448 [2009]; Matter of Hassan Lawrence W., 42 AD3d 573, 573-574 [2007]). Moreover, his “incarceration did not absolve him of the responsibility to provide financial support for the child, according to his means, and to maintain regular contact with the child or the petitioner” (Matter of Jayquan J. [Clint J.], 77 AD3d 947, 948 [2010]; see Matter of Martin V.L. [Martin L.], 88 AD3d at 715; Matter of Kevin A., Jr., 61 AD3d 859, 860 [2009]).
The appellant’s remaining contentions either are without merit or need not be reached in light of our determination.
Angiolillo, J.E, Dickerson, Chambers and Lott, JJ., concur.