In a proceeding pursuant to Social Services Law § 384-b to terminate the mother’s parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated May 21, 2012, as, after fact-finding and dispositional hearings, determined that he was not a father whose consent to the adoption of the subject child was required pursuant to Domestic Relations Law § 111 and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and St. Vincent’s Services, Inc., for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Family Court’s determination that the father’s consent *933 to the adoption of the subject child was not required is supported by clear and convincing evidence (see Matter of Janelle C. [Sean R.], 88 AD3d 787 [2011]). The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (see Domestic Relations Law § 111 [1] [d]; Matter of Seasia D., 10 NY3d 879, 880 [2008]; Matter of Julian J.C. [Juan C.], 96 AD3d 937, 938 [2012]; Matter of Martin V.L. [Martin L.], 88 AD3d 714, 715 [2011]; Matter of Jaden Dasani-Amru B. [Roy Alphonso B.], 74 AD3d 801, 802 [2010]). Mastro, J.E, Rivera, Leventhal and Chambers, JJ., concur.