■ In the Matter of ANTHONY C.M. III. SCO FAMILY OF SERVICES, Petitioner; ANTHONY C.M., Also Known as ANTHONY M. and Others, et al., Respondents. (Proceeding No. 1.) In the Matter of DEMARCO M., Also Known as DEMARCO P. SCO FAMILY OF SERVICES, Petitioner; ANTHONY C.M., Also Known as ANTHONY M. and Others, et al., Respondents. (Proceeding No. 2.) In the Matter of JUSTICE R.M., Also Known as JUSTICE M. and Another, Appellant. SCO FAMILY OF SERVICES, Respondent; ANTHONY C.M., Also Known as ANTHONY M. and Others, Respondent, et al., Respondent. (Proceeding No. 3.) In the Matter of SAMANTHA V.M., Also Known as SAMANTHA M. and Another, Appellant. SCO FAMILY OF SERVICES, Respondent; ANTHONY C.M., Also Known as ANTHONY M. and Others, Respondent, et al., Respondent. (Proceeding No. 4.) [35 NYS3d 493]—

Appeal from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated June 2, 2015. The order, insofar as appealed from, after a fact-finding hearing, denied those branches of the petitions which were to terminate the father's parental rights to the children Justice R.M., also known as Justice M., also known as Justice P., and Samantha V.M., also known as Samantha M., also known as Samantha P., on the ground of permanent neglect or, in the alternative, for a determination that his consent to the adoption of those children is not required pursuant to Domestic Relations Law § 111 (1) (d).

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the petitions which were for a determination that the father's consent to the adoption of the children Justice R.M., also known as Justice M., also known as Justice P., and Samantha V.M., also known as Samantha M., also known as Samantha P., is not required pursuant to Domestic Relations Law § 111 (1) (d) are granted, and those branches of the petitions which were to terminate the father's parental rights to those children on the ground of permanent neglect are denied as academic.

On November 6, 2013, the petitioner filed four petitions (one for each child), inter alia, to terminate the parental rights of the father on the grounds of abandonment and permanent

neglect or, in the alternative, for a determination that the out-of-wedlock father's consent to the adoption of the children is not required under Domestic Relations Law § 111 (1) (d). Following a fact-finding hearing, in an order dated June 2, 2015, the court denied the petitions insofar as asserted against the father and, in effect, determined that the father's consent to adoption was required under Domestic Relations Law § 111 (1) (d). Two of the children, Justice R.M., also known as Justice M., also known as Justice P., and Samantha V.M., also known as Samantha M., also known as Samantha P. (hereinafter together the subject children), appeal.

Contrary to the Family Court's determination, the father had the burden of proving that he satisfied the requirements of Domestic Relations Law § 111 (1) (d), such that his consent to the adoption of the subject children was required (*see Matter of Andrew Peter H.T.*, 64 NY2d 1090, 1091 [1985]; *Matter of Angelina K. [Eliza W.—Michael K.]*, 105 AD3d 1310, 1311-1312 [2013]; *Matter of Sharissa G.*, 51 AD3d 1019, 1020 [2008]; *Matter of Taylor R.*, 290 AD2d 830, 831 [2002]). In this case, the record does not support a finding that the father's consent to the adoption of the subject children was required. The father failed to establish that he met the threshold support requirement of making payments toward the support of the subject children of a fair and reasonable sum, according to his means (*see* Domestic Relations Law § 111 [1] [d] [i]; *Matter of Andrew Peter H.T.*, 64 NY2d at 1091). The fact that he was incarcerated did not absolve him of his responsibility to provide financial support, nor did it establish as a matter of law that he did not have the means to provide financial support (*see Matter of Jeremyah G. [Keith J.]*, 125 AD3d 655, 657 [2015]; *Matter of De'Von M.F.C. [Mustapha F.]*, 105 AD3d 738, 738 [2013]; *Matter of Jayquan J. [Clint J.]*, 77 AD3d 947, 948 [2010]; *Matter of Sharissa G.*, 51 AD3d at 1020).

Consequently, pursuant to Domestic Relations Law § 111 (1) (d), the father's consent to the adoption of the subject children was not required, and those branches of the petitions relating to the subject children which were for such a determination should have been granted.

In light of our determination, the parties' remaining contentions have been rendered academic. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.