■ In the Matter of ANGELA H.F., Also Known as ANGELA F. and Another. NEW YORK FOUNDLING HOSPITAL, Respondent; SHOMBE M., Appellant, et al., Respondents. ADMINISTRATION FOR CHILDREN'S SERVICES, Nonparty Respondent. (Proceeding No. 1.) In the Matter of SHOMBE M., Appellant, v SOPHIA F., Respondent, and NEW YORK FOUNDLING HOSPITAL, Respondent. ADMINISTRATION FOR CHILDREN'S SERVICES, Nonparty Respondent. (Proceeding No. 2.) In the Matter of SHOMBE M., Appellant, v NEW YORK FOUNDLING HOSPITAL, Respondent. ADMINISTRATION FOR CHILDREN'S SERVICES, Nonparty Respondent. (Proceeding No. 3.) [63 NYS3d 469]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated July 15, 2016. The order, insofar as appealed from, upon a decision of that court dated May 20, 2016, made after a hearing, determined that the father's consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111 and that the petitioner was authorized to consent to the adoption of the child.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order of fact-finding and disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The subject child was born in March 2006, and her birth certificate did not identify a father. In September 2006, the child

was removed from the mother's custody and placed in foster care under the supervision of the New York Foundling Hospital (hereinafter the agency). In 2009, the agency commenced a proceeding in the Family Court, Bronx County, to terminate the mother's parental rights, alleging that although Shombe M. (hereinafter the father) was named as the father in an agency record, he was not entitled to notice of the proceeding, and his consent to the child's adoption was not required. In October 2012, the court terminated the mother's parental rights. In January 2014, the court determined that the father's consent to the adoption was not required.

Thereafter, the father commenced a paternity proceeding in the Family Court, Bronx County. The Family Court Judge presiding over the proceedings was subsequently transferred to the Family Court, Queens County, the proceedings were transferred to that court, and the paternity proceeding was assigned a Queens County docket number. During the pendency of the paternity proceeding, the agency commenced an adoption proceeding. On August 12, 2015, the Family Court, Queens County, issued an order of filiation adjudicating the father to be the child's father. The court then held a hearing to determine whether the father's consent to the adoption was required and whether it was in the child's best interests to be adopted by her foster mother. After the hearing, the court determined that the father's consent to the adoption was not required and that it was in the child's best interests to be adopted by her foster mother. The father appeals.

The Family Court's determination that the father's consent to the adoption of the child was not required was supported by clear and convincing evidence (see Domestic Relations Law § 111 [1] [d]; Matter of Jasiah T.-V.S.J. [Joshua W.], 112 AD3d 717 [2013]). The father failed to meet his burden of establishing that he maintained substantial and continuous contact with the child through the payment of support and either regular visitation or other communication with her (see Matter of Robert O. v Russell K., 80 NY2d 254, 264 [1992]; Matter of Jason Brian S., 303 AD2d 759 [2003]).

The father's contention that he was denied his right to due process by the Family Court's determination to strike the testimony of a witness is unpreserved for appellate review (see generally Matter of Kleevuort C. [Fredlyn V.], 84 AD3d 1371 [2011]). In any event, the contention is without merit. The court did not improvidently exercise its discretion in striking the witness's testimony when, after granting an adjournment once to permit her to continue her testimony, she failed to ap-

pear on time on the adjourned date (*see Matter of David L. Jr. [David L.],* 118 AD3d 468 [2014]; *Matter of Amilya Jayla S. [Princess Debbie A.],* 83 AD3d 582 [2011]). The evidence at the hearing established that it was in the child's best interests to be adopted by her foster mother (*see generally Matter of Angel P. [Evelyn C.—Keith G.],* 137 AD3d 793 [2016]; *Matter of Baby Boy L.,* 206 AD2d 470, 470-473 [1994]).

The father's remaining contention is without merit. Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.