Matter of Amina I.M.J. (Vaughin A.) (2018 NY Slip Op 02467)





Matter of Amina I.M.J. (Vaughin A.)


2018 NY Slip Op 02467


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00816
 (Docket Nos. B-521-15, B-522-15)

[*1]In the Matter of Amina I. M. J. (Anonymous). Heartshare St. Vincent's Services, petitioner- respondent; Vaughin A. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Chantilly M. J. (Anonymous). Heartshare St. Vincent's Services, petitioner- respondent; Vaughin A. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 2)


Tammi D. Pere, West Hempstead, NY, for respondent-appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Kreuza Ganolli of counsel), for petitioner-respondent.
Patrick R. Garcia, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated December 12, 2016. The order, after a hearing, granted that branch of the petition which sought a determination that the father's consent to the adoption of the subject children was not required pursuant to Domestic Relations Law § 111.
ORDERED that the order is affirmed, without costs or disbursements.
The Family Court's determination that the father's consent to the adoption of the subject children was not required was supported by clear and convincing evidence (see Matter of Janelle C. [Sean R.], 88 AD3d 787). The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the children through the payment of support and either regular visitation or other communication with the children (see Domestic Relations Law § 111[1][d]; Matter of Seasia D., 10 NY3d 879, 880; Matter of Angelina J. [Frantz J.], 112 AD3d 932; Matter of Julian J.C. [Juan C.], 96 AD3d 937, 938; Matter of Martin V.L. [Martin L.], 88 AD3d 714, 715; Matter of Jaden Dasani-Amru B. [Roy Alphonso B.], 74 AD3d 801, 802).
The father's remaining contention is not properly before this Court on this appeal.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court