Matter of Cristal O.C. (Chris C.) (2018 NY Slip Op 03125)





Matter of Cristal O.C. (Chris C.)


2018 NY Slip Op 03125


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-09234
2016-09235
 (Docket Nos. B-7878-14, B-7880-14, AS-3859-16, AS-3860-16)

[*1]In the Matter of Cristal O. C. (Anonymous). Forestdale, Inc., petitioner-respondent; Chris C. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Deshawn T. W. (Anonymous). Forestdale, Inc., petitioner-respondent; Chris C. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Helene Bernstein, Brooklyn, NY, for appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Marianne Allegro of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, Chris C. appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Alan Beckoff, J.) (one as to each child), both dated July 11, 2016. The orders, after a hearing, determined that the consent of Chris C. to the adoption of the subject children was not required and committed guardianship and custody of the subject children to the Commissioner of the Administration for Children's Services of the City of New York and Forestdale, Inc., for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The subject children were born in March 2005 and September 2003, respectively. Neither of their birth certificates identified anyone as their father, and no one was listed in the Putative Father Registry as their father. In March 2012, the children were removed from the mother's custody and placed in foster care under the supervision of Forestdale, Inc. (hereinafter the agency). Chris C. (hereinafter the appellant) was incarcerated at the time of the children's removal, and upon his release in November 2012, he appeared at the agency with the mother and claimed to be the children's father. Despite repeated urging by case planners at the agency to file for paternity, the appellant did not commence paternity proceedings until months later, which ultimately resulted [*2]in orders of filiation being entered on July 16, 2014, adjudicating the appellant to be the children's father. On July 15, 2014, the agency had commenced proceedings to terminate the parental rights of the mother and the father, alleging, inter alia, that while the appellant may be the children's father, his consent to the children's adoption was not required pursuant to Domestic Relations Law § 111.
After a fact-finding hearing, at which two case planners from the agency, the appellant, and the paternal grandmother testified, the Family Court determined that the appellant's consent to the adoption of the children was not required and committed guardianship and custody of the children to the Commissioner of the Administration for Children's Services of the City of New York and the agency for the purpose of adoption.
The Family Court's determination that the appellant's consent to the adoption of the children was not required was supported by clear and convincing evidence (see Domestic Relations Law § 111[1][d]; Matter of Angela H.F. [Shombe M.], 155 AD3d 624, 625). The appellant failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the children through the payment of support and either regular visitation or other communication with the children (see Matter of Angela H.F. [Shombe M.], 155 AD3d at 625; Matter of Ginelle T.A. [Rondale J.], 145 AD3d 877, 878; Matter of Angelina J. [Frantz J.], 112 AD3d 932, 933).
In light of our determination, the appellant's remaining contention has been rendered academic.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court