Matter of Amor S. W. ( (Leonard H.) (2018 NY Slip Op 05054)





Matter of Amor S. W. ( (Leonard H.)


2018 NY Slip Op 05054


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-13117
 (Docket No. B-23355-14)

[*1]In the Matter of Amor S. W. (Anonymous). Forestdale, Inc., petitioner-respondent; Leonard H. (Anonymous), appellant, et al., respondent.


Etta Ibok, Brooklyn, NY, for appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the father appeals from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated September 28, 2016. The order, insofar as appealed from, after a hearing, granted that branch of the petition which sought a determination that the father's consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Family Court's determination that the father's consent to the adoption of the subject child was not required is supported by clear and convincing evidence (see Matter of Tanay R.S. [Robert S.- Tanay M.], 122 AD3d 865; Matter of Janelle C. [Sean R.], 88 AD3d 787). The father failed to sustain his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support, and either regular parental access or other communication with the child (see Domestic Relations Law § 111[1][d]; Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d 718; Matter of Tanay R.S. [Robert S.- Tanay M.], 122 AD3d at 866; Matter of Janelle C. [Sean R.], 88 AD3d at 787). The father's contention that he was thwarted by the agency from developing a relationship with the child is not supported by the record and, in any event, "the agency was not required to make diligent efforts to encourage the development of such a relationship" (Matter of Natalia R. [Derek R.], 156 AD3d 576, 576 [internal quotation marks omitted]; see Domestic Relations Law § 111[1][d]).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court