Matter of Daiyah D. F. F. (Darren S.) (2018 NY Slip Op 05162)





Matter of Daiyah D. F. F. (Darren S.)


2018 NY Slip Op 05162


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-05808
 (Index No. B-25554-15)

[*1]In the Matter of Daiyah D. F. F. (Anonymous). Graham Windham Services to Families and Children, petitioner-respondent; Darren S. (Anonymous), respondent-appellant, et al., respondent.


Francine Shraga, Brooklyn, NY, for respondent-appellant.
Carrieri & Carrieri, P.C., Mineola, NY, for petitioner-respondent.
Legal Aid Society, New York, NY (Dawn A. Mitchell and Amy Hausknecht of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Kings County (Margaret Morgan, J.), dated April 10, 2017. The order, insofar as appealed from, after a hearing, determined that the father's consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111(1)(d).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in April 2013. Her mother was unmarried, and the child's birth certificate did not identify a father. Two days after the child's birth, she was removed from the mother's custody and placed in foster care under the supervision of the petitioner, Graham Windham Services to Families and Children (hereinafter the agency). In November 2015, the agency commenced this proceeding in the Family Court to terminate the mother's and father's parental rights, alleging, inter alia, that the father's consent to the adoption of the child was not required pursuant to Domestic Relations Law § 111(1)(d). Although the child's birth certificate did not identify a father, the father was listed as the child's putative father in the petitioner's case records, and a paternity test later confirmed that he is the biological father. In August 2016, the mother executed a voluntary surrender of her parental rights and agreed to a conditional adoption of the child by the child's foster mother. After a fact-finding hearing at which the father and the agency's case planner testified, the court determined that the father's consent to the adoption was not required and that it was in the child's best interests to be adopted by her foster mother. The father appeals.
The Family Court's determination that the father's consent to the adoption of the subject child was not required was supported by clear and convincing evidence (see Matter of Angelina J. [Frantz J.], 112 AD3d 932; Matter of Janelle C. [Sean R.], 88 AD3d 787). The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other [*2]communication with the child (see Domestic Relations Law § 111[1][d]; Matter of Seasia D., 10 NY3d 879, 880; Matter of Cristal O.C. [Chris C.], 161 AD3d 726; Matter of Amina I.M.J. [Vaughin A.], 160 AD3d 737; Matter of Angelina J. [Frantz J.], 112 AD3d 932; Matter of Julian J.C. [Juan C.], 96 AD3d 937, 938; Matter of Martin V.L. [Martin L.], 88 AD3d 714, 715).
The father's contention that the agency prevented him from visiting and communicating with the child because it did not inform him of his support obligations and the contact he needed to maintain with the agency or the child during the six months prior to the filing of the petition is without merit. Pursuant to Domestic Relations Law § 111(1)(d), "the agency is not required to make a showing of diligent efforts to encourage the father to perform the acts specified in the statute" (Matter of James M.B. [Claudia H.], 155 AD3d 1027, 1029).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court