Matter of D. (Juan P.--Darren M.) (2018 NY Slip Op 06011)





Matter of D. (Juan P.--Darren M.)


2018 NY Slip Op 06011


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-07483
 (Docket No. A-3382-16)

[*1]In the Matter of D. (Anonymous). Juan P. (Anonymous), et al., petitioners-respondents; Darren M. (Anonymous), respondent-appellant.


Yasmin Daley Duncan, Brooklyn, NY, for respondent-appellant.
Daniel Gartenstein, Kingston, NY, for petitioners-respondents.
Barry H. Friedman, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Domestic Relations Law § 111, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated July 7, 2017. The order, after a hearing, determined that the father had abandoned the subject child within the meaning of Domestic Relations Law § 111(2)(a) and his consent to the adoption of the child was not required.
ORDERED that the order is affirmed, without costs or disbursements.
The subject child was born in June 2015. In July 2015, the father, who was not married to the mother but was named on the child's birth certificate, killed the mother. The father pleaded guilty in Pennsylvania to voluntary manslaughter and was incarcerated pursuant to that conviction. The child was placed with a maternal uncle and his wife in July 2015, and they petitioned to adopt him in June 2016. In an order dated July 7, 2017, after a hearing, the Family Court determined that the father had abandoned the child within the meaning of Domestic Relations Law § 111(2)(a) and that his consent to the adoption was not required. The father appeals.
The Family Court's determination that the father's consent to the adoption of the child was not required was supported by clear and convincing evidence (see Domestic Relations Law § 111[1][d]; Matter of Angela H.F. [Shombe M.], 155 AD3d 624, 625; Matter of Jayquan J. [Clint J.], 77 AD3d 947, 948; Matter of Sharissa G., 51 AD3d 1019, 1020; Matter of Baby Boy C., 13 AD3d 619, 619). The father failed to meet his burden of establishing that he maintained substantial and continuous contact with the child through the payment of support and either regular visitation or other communication with him (see Domestic Relations Law § 111[1][d]; [6][d]; Matter of Seasia D., 10 NY3d 879, 880; Matter of Angela H.F. [Shombe M.], 155 AD3d at 625; Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d 718, 719; Matter of Jayquan J. [Clint J.], 77 AD3d at 948). The fact that a father is incarcerated "[does] not absolve him of the responsibility to maintain regular contact with the [child] . . . and to provide financial support for the [child], nor [does] it establish as a matter of law that he did not have the means to provide financial support" (Matter of James M.B. [Claudia H.], 155 AD3d 1027, 1029; see Matter of Nickie M.A. [Pablo F.], 144 AD3d 1576, 1577; Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d at 719; Matter of Bella FF. [Margaret GG.-[*2]James HH.], 130 AD3d 1187, 1189).
The father's remaining contentions are improperly raised for the first time on appeal or without merit.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court