Matter of Ramal M. (2019 NY Slip Op 03786)





Matter of Ramal M.


2019 NY Slip Op 03786


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02050
 (Docket No. B-15271-16)

[*1]In the Matter of Ramal M. (Anonymous), Jr. Cardinal McCloskey Services, respondent; Ramal M. (Anonymous), et al., appellants.


Carol Lipton, Brooklyn, NY, for appellant Ramal M.
Joan N. G. James, Brooklyn, NY, for appellant Teiyana L. T.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Amy Hausknecht, and Maria Chiu of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals, and the mother separately appeals, from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated January 16, 2018. The order, insofar as appealed from by the father, after fact-finding and dispositional hearings, found that the father's consent to the adoption of the subject child was not required and that the father abandoned the child, terminated the father's parental rights, and freed the child for adoption. The order, insofar as appealed from by the mother, after fact-finding and dispositional hearings, found that the mother permanently neglected the child, terminated the mother's parental rights, and freed the child for adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in November 2014. The mother and the father were not married when the child was born. Within a few days after the child's birth, the child was placed in foster care with Cardinal McCloskey Services (hereinafter the agency). In August 2016, the agency commenced this proceeding to terminate the parental rights of the mother and the father. Following fact-finding and dispositional hearings, the Family Court found that the father's consent to the child's adoption was not required, that the father abandoned the child, and that the mother permanently neglected the child. The court transferred guardianship and custody of the child to the agency and the Commissioner of the Administration for Children's Services of the City of New York, and freed the child for adoption. The father and the mother separately appeal.
To warrant a finding by the Family Court that the mother permanently neglected the child, "the agency was required to show, by clear and convincing evidence, that, for a period of one year following the child's placement with the agency, the mother failed to maintain contact with the [*2]child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Riyanna N.F. [Crystal M.S.—Angelina F.], 170 AD3d 1009, 1010; see Social Services Law § 384-b[4][d]; [7][a]). Here, contrary to the mother's argument, the agency demonstrated that it made diligent efforts to encourage and strengthen the parental relationship. These efforts included providing the mother with numerous referrals to substance abuse and mental health treatment programs and facilitating regular supervised visitation between the mother and the child (see Matter of Riyanna N.F. [Crystal M.S.—Angelina F.], 170 AD3d at 1010-1011).
Pursuant to Domestic Relations Law § 111, consent to adoption is not required from a biological father of a child born out of wedlock and placed for adoption more than six months after the child's birth, unless the biological father "maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child" (Domestic Relations Law § 111[1][d]; see Matter of D. [Juan P.—Darren M.], 164 AD3d 1237, 1237). It is the father's burden to prove "that he satisfied the requirements of Domestic Relations Law § 111(1)(d), such that his consent to the adoption of" the child is required (Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d 718, 719).
Here, the father did not establish that his consent to the child's adoption was required pursuant to Domestic Relations Law § 111(1)(d) (see Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d at 719). The father did not provide financial support consistent within his means, nor did he visit the child monthly when able to do so or maintain regular communication with the agency when unable to visit the child (see Domestic Relations Law § 111[1][d]).
In light of the father's failure to establish that his consent to adoption was required, we do not reach his argument regarding the Family Court's finding that he abandoned the child, or his argument that the court should have granted him a suspended judgment (see Matter of Andrew Peter H.T., 64 NY2d 1090, 1091; Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10, 16; Matter of Kasiem H., 230 AD2d 796, 797; Matter of Catholic Child Care Socy. of Diocese of Brooklyn, 112 AD2d 1039, 1040-1041).
The father's remaining contentions are either not properly before this Court or without merit.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court