Matter of Madelyn (Robert K.) (2019 NY Slip Op 05666)





Matter of Madelyn (Robert K.)


2019 NY Slip Op 05666


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08386
 (Docket No. A-427-17)

[*1]In the Matter of Madelyn (Anonymous). Robert K. (Anonymous), respondent; Ralph A. (Anonymous), nonparty-appellant.


David J. Squirrell, Carmel, NY, for nonparty-appellant.
Anthony G. Maccarini, Carmel, NY, for respondent.
Peter Nardone, Mount Kisco, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Domestic Relations Law § 111, the biological father of the subject child appeals from an order of the Family Court, Putnam County (James T. Rooney, J.), entered June 1, 2018. The order, after a hearing, determined that the biological father's consent to the adoption of the subject child was not required.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner, the subject child's stepfather, commenced this proceeding in 2017 seeking to adopt the child, who was born in 2007. In his petition, the petitioner alleged that the biological father's consent was not required. After a fact-finding hearing, the Family Court determined that the biological father's consent to the adoption was not required, as he had failed to establish his right to withhold consent pursuant to Domestic Relations Law § 111(1)(d). The biological father appeals.
"A biological father's consent to adopt a child over six months old who was born out of wedlock is required only if the father maintained substantial and continuous or repeated contact with the child as manifested by' payment of reasonable child support and either monthly visitation or regular communication' with the subject child[ ] or custodian" (Matter of Mikai R. [Ralph R.], 166 AD3d 624, 624, quoting Domestic Relations Law § 111[1][d]). "Domestic Relations Law § 111(1)(d) imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of these requirements is sufficient to warrant a finding that his consent to the proposed adoption[ ] is not required" (Matter of Mikai R. [Ralph R.], 166 AD3d at 624). "Only after the [biological] father establishes his right of consent to the adoption, by satisfying both the support and . . . communication provisions of the statute, does the court proceed to determine whether he has forfeited that right by evincing an intent to forego his . . . parental . . . rights and obligations" (Matter of Andrew Peter H.T., 64 NY2d 1090, 1091 [internal quotation marks omitted]; see Domestic Relations Law § 111[2][a]).
We agree with the Family Court's determination that the biological father's consent to the adoption of the child was not required (see Domestic Relations Law § 111[1][d]; Matter of Amor S.W. [Leonard H.], 163 AD3d 584; Matter of Angelina J. [Frantz J.], 112 AD3d 932; Matter of Jasiah T.-V.S.J. [Joshua W.], 112 AD3d 717). The biological father failed to meet his threshold burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of reasonable child support and either monthly visitation or regular communication with the child (see Domestic Relations Law § 111[1][d]; Matter of Daiyah D.F.F. [Darren S.], 163 AD3d 666; Matter of Tanay R.S. [Robert S.-Tanay M.], 122 AD3d 865; Matter of Janelle C. [Sean R.], 88 AD3d 787).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court