Matter of L.G. (2020 NY Slip Op 01162)





Matter of L.G.


2020 NY Slip Op 01162


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01888
 (Docket No. A-4876/17)

[*1]In the Matter of L.G. (Anonymous). Luke G. (Anonymous), appellant; Allen T. (Anonymous), et al., petitioners-respondents.


Robert Marinelli, New York, NY, for appellant.
Mobilization for Justice, Inc., New York, NY (Jeanette Zelhof and Mark E. Schulte of counsel), for petitioners-respondents.



DECISION & ORDER
In an adoption proceeding, the father appeals from an order of the Family Court, Kings County (Amanda E. White, J.), dated January 14, 2019. The order confirmed the report of a Judicial Hearing Officer (Richard Ross, J.H.O.), made after a hearing, and determined that the father's consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111(1)(d).
ORDERED that the order is affirmed, without costs or disbursements.
The petitioners are the subject child's maternal grandparents and legal custodians. They commenced a proceeding in March 2017 to adopt the subject child, who was born in 2012 and who has resided with them since shortly after his birth. In their petition, they alleged that the father's consent to the adoption was not required. Subsequently, a hearing on the necessity of the father's consent was held before a Judicial Hearing Officer. The Family Court confirmed the resulting report of the Judicial Hearing Officer and determined that the father's consent to the adoption was not required pursuant to Domestic Relations Law § 111(1)(d). The father appeals.
A father's consent to the adoption of a child over six months old who was born out of wedlock will be required if the father establishes that he has maintained substantial and continuous or repeated contact with the child as manifested by the payment of reasonable child support and either monthly visitation or regular communication with the child (see Domestic Relations Law § 111[1][d]; Matter of Madelyn [Robert K.], 174 AD3d 715; Matter of Angela H.F. [Shombe M.], 155 AD3d 624, 625). "[T]he father's unexcused failure to satisfy either of these requirements is sufficient to warrant a finding that his consent to the proposed adoption[ ] is not required" (Matter of Mikai R. [Ralph R.], 166 AD3d 624, 624).
In the present matter, we agree with the Family Court's determination that the father's consent to the adoption of the subject child was not required (see Domestic Relations Law § 111[1][d]; Matter of Madelyn [Robert K.], 174 AD3d at 716; Matter of Mikai R. [Ralph R.], 166 AD3d at 624-625). Although the father made payments of reasonable child support, he inexcusably failed to consistently maintain either monthly visitation or regular communication with the child (see [*2]Domestic Relations Law § 111[1][d][ii], [iii]; Matter of Madelyn [Robert K.], 174 AD3d at 716; Matter of Angela H.F. [Shombe M.], 155 AD3d at 625). In this regard, the record fails to support his contention that he was prevented from exercising regular visitation or communication by his work schedule or by the conduct of the petitioners. Accordingly, he failed to sustain his burden of demonstrating that his consent to the adoption was required under the statute.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court